UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Terrance Jackman,

                                    Appellant,                          **MEMORANDUM & ORDER**
                                                                        21-CV-04544 (DG)

                    -against-

Robert J. Musso, *Trustee*,

                                    Appellee.
-------------------------------------------------------------X
DIANE GUJARATI, United States District Judge:

On August 12, 2021, *pro se* Appellant Terrance Jackman filed a Notice of Appeal

challenging the December 9, 2019 Order of the United States Bankruptcy Court for the Eastern

District of New York (the "Bankruptcy Court") annulling an automatic stay pursuant to 11

U.S.C. § 362(d) *nunc pro tunc* to April 2, 2019, which Order validated the sale of certain

property controlled by 1943 Eastern Parkway LLC – a limited liability company formed by

Appellant – to HBC Development 1234 LLC ("HBC").  *See* Notice of Appeal from Bankruptcy

Court ("Notice of Appeal"), ECF No. 1.  In the Notice of Appeal, Appellant references the

December 9, 2019 Order by full title and then refers, without specificity, to a "bevy of wrongful

actions and processes that occurred in this bankruptcy case," "more wrongful Orders entered,"

and "several inappropriate and negligent, if not criminal activities that occurred on and off the

record during the period between January 2019 and December 2019."  *See* Notice of Appeal at 1.

Pending before the Court is a motion to dismiss the instant appeal as untimely, brought

by HBC, an interested party.  *See* Notice of Motion of HBC to Dismiss Appeal, ECF No. 4;

Memorandum of Law in Support of HBC's Motion to Dismiss Appeal ("HBC's Br."), ECF No.

4-1; *see also* HBC's Reply Memorandum in Support of its Motion to Dismiss Appeal, ECF No.

7.  HBC's Motion to Dismiss is joined by Appellee Robert J. Musso.  *See* ECF No. 5.  Appellant

opposes the motion. *See* Appellant's Response to Motion to Dismiss Appeal ("Appellant's Br."),
ECF No. 6.[1]

For the reasons that follow, HBC's Motion to Dismiss is granted, and Appellant's appeal
is dismissed for lack of jurisdiction.

## BACKGROUND[2]

### I.    The Bankruptcy Court Proceedings

In October 2007, Appellant purchased certain property located at 1943 Eastern Parkway
in Brooklyn, New York (the "Property") and executed a mortgage on the Property. *See*
Appellant's Br. at 15-16. In February 2008, Appellant formed a limited liability company, 1943
Eastern Parkway LLC (the "Debtor"), to control the Property. *See* Appellant's Br. at 15; *see also*
HBC's Br. at 4.

The Debtor subsequently faced foreclosure on the Property, and a Judgment of
Foreclosure was entered in December 2017. *See* Appellant's Br. at 17-18; *see also* Bankr. Dkt.
107-4. On April 12, 2018, the Debtor filed a voluntary petition for bankruptcy under Chapter 11
of the United States Bankruptcy Code. *See* Bankr. Dkt. No. 1; *see also* Appellant's Br. at 19;

---

[1] For the parties' filings on appeal, the Court refers to the page numbers generated by the
Court's electronic case filing system ("ECF").

[2] Certain facts potentially relevant to the issue of the timeliness of the instant appeal are not
reflected in the statement of facts contained in Appellant's Response. Similarly, certain
motions and Orders potentially relevant to the issue of the timeliness of the instant appeal are
not included in the record on appeal as designated by Appellant. Accordingly, and in order to
properly evaluate the timeliness of *pro se* Appellant's appeal, the Court has conducted a review
of certain additional records publicly available on the Bankruptcy Court's docket. *See, e.g.*,
*Miles v. Chase Bank*, No. 20-CV-04748, 2022 WL 842073, at *2 (E.D.N.Y. Jan. 24, 2022);
*Fetman v. Musso*, No. 20-CV-01101, 2021 WL 736415, at *7 (E.D.N.Y. Feb. 25, 2021). The
facts set forth in this section are taken from the parties' submissions, the record on appeal, and
the record before the Bankruptcy Court. For consistency, citations to filings made in the
Bankruptcy Court are to the Bankruptcy Court docket numbers, even where those filings also
are contained in the record on appeal.

HBC's Br. at 5.

On January 7, 2019, the Bankruptcy Court – upon the motion of Debtor's lender, 1943 Eastern Associates LLC (the "Lender") – entered an Order conditionally vacating the automatic stay imposed pursuant to 11 U.S.C. § 362, which stay, when in effect, prevented the Lender from enforcing its judgment of foreclosure against the Property.  *See* Bankr. Dkt. No. 76; *see also* Bankr. Dkt. No. 57.  The January 7, 2019 Order provided, *inter alia*, that if Debtor failed to satisfy the mortgage on the Property by March 29, 2019, the Lender could settle, on seven-days' notice, an affidavit of noncompliance on Debtor and Debtor's Counsel, together with a proposed order that the automatic stay imposed by 11 U.S.C. § 362 shall be terminated as to the Lender to permit the Lender to exercise its rights and remedies under applicable law with respect to the Property.  *See* Bankr. Dkt. No. 76.  The Debtor failed to satisfy the mortgage by that date.  *See* Bankr. Dkt. No. 107-1.

On May 9, 2019, the Property was sold at public auction pursuant to a Judgment of Foreclosure and Sale.  *See* Bankr. Dkt. No. 107-1; Bankr. Dkt. No. 107-4; *see also* Appellant's Br. at 18-19; HBC's Br. at 6.  The Debtor thereafter moved (1) to enforce the automatic stay, (2) to void the sale of the Property, and (3) to sanction the Lender for violation of the stay in contravention of the Order conditionally vacating the automatic stay.  *See* Bankr. Dkt. No. 107-1.  On August 13, 2019, HBC – the purchaser of the Property – filed a motion requesting that the Bankruptcy Court enter an order finding that the automatic stay did not apply to an auction sale of the Property or, in the alternative, annulling the automatic stay pursuant to 11 U.S.C. § 362(d) with respect to the sale, thereby allowing the sale of the Property to HBC to stand.  *See* Bankr. Dkt. No. 116-1.

On September 29, 2019, the Bankruptcy Court converted the Debtor's Chapter 11 case to

3

a case under Chapter 7 of the Bankruptcy Code. *See* Bankr. Dkt. No. 139; *see also* Appellant's Br. at 39; HBC's Br. at 5. Robert J. Musso was thereafter appointed interim Chapter 7 trustee (the "Trustee"). *See* Bankr. Dkt. No. 141; *see also* Appellant's Br. at 39; HBC's Br. at 4. In administering the estate, the Trustee inspected the Property, consulted with an auctioneer regarding the value that the Property could generate at a bankruptcy sale, and concluded that allowing the foreclosure sale to stand was in the best interests of the Debtor's estate. *See* Bankr. Dkt. Nos. 145, 148. The Trustee therefore requested that the Bankruptcy Court grant HBC's August 13, 2019 motion and allow the sale of the Property to HBC to be a valid sale. *See* Bankr. Dkt. No. 148.

On December 9, 2019, the Bankruptcy Court entered an Order providing, *inter alia*, that "the automatic stay imposed by 11 U.S.C. § 362(a) is annulled, for cause, *nunc pro tunc* to April 2, 2019, the date of the notice of sale of the Property." *See* Bankr. Dkt. No. 153. Appellant did not file an appeal within fourteen days of the Bankruptcy Court's December 9, 2019 Order, the timeframe set forth in Federal Rule of Bankruptcy Procedure 8002(a)(1). *See generally* Bankr. Dkt. Appellant did file certain submissions in the Bankruptcy Court in which he challenged the Bankruptcy Court's December 9, 2019 Order. *See, e.g.*, Bankr. Dkt. No. 166. Appellant also filed motions challenging subsequent actions taken by the Bankruptcy Court, including several motions challenging the January 2021 Chapter 7 Trustee's Final Report and Proposed Distribution (the "Trustee's Final Report"), *see* Bankr. Dkt. Nos. 185, 188, 197. The Bankruptcy Court denied these motions challenging the Trustee's Final Report on May 14, 2021. *See* Bankr. Dkt. 198.

On June 25, 2021, Appellant filed a Motion to Reconsider and for Sanctions with regard to the Trustee's Final Report. *See* Bankr. Dkt. No. 200. This motion requested that the

Bankruptcy Court (1) reconsider and rule upon Appellant's objections to the compensation set forth in the Trustee's Final Report and (2) order Rule 11 sanctions against the Trustee for failing to provide copies of certain documents to Appellant and against Debtor's counsel for filing purportedly improper compensation motions. *See* Bankr. Dkt. No. 200. The Bankruptcy Court denied this motion via text Order dated August 3, 2021. *See* Bankr. Ct. Order dated August 3, 2021. The Bankruptcy Court's August 3, 2021 Order was the last Order issued by the Bankruptcy Court prior to Appellant's filing of the instant appeal. *See generally* Bankr. Dkt.

## II.    The Instant Appeal

On August 12, 2021, Appellant filed a Notice of Appeal from the Bankruptcy Court. *See* Notice of Appeal. The Notice of Appeal provides that the appeal "revolves around" the Bankruptcy Court's December 9, 2019 Order and that the December 9, 2019 Order is the "main subject of this appeal." *See* Notice of Appeal at 1.[3] Appellant submitted three copies of the Bankruptcy Court's December 9, 2019 Order with the Notice of Appeal, *see* Notice of Appeal at 7-8; ECF No. 1-1 at 3-4, 11-12, as well as a copy of the corresponding December 9, 2019 docket entry, *see* ECF No. 1-1 at 2. In the Notice of Appeal, Appellant references the August 3, 2021 Order of the Bankruptcy Court only obliquely, noting: "This matter was terminated on or about August 4th of 2021 after several Motions brought after Trustee's final report was entered." *See* Notice of Appeal at 1.[4] Notably, the docket entries submitted by Appellant with the Notice of Appeal did not include the Bankruptcy Court's August 3, 2021 Order. *See* ECF No. 1-1 at 2.

---

[3] The appeal was docketed in the Bankruptcy Court as an appeal of the Bankruptcy Court's December 9, 2019 Order. *See* Bankr. Dkt. No. 202.

[4] Appellant's submissions erroneously state that the August 3, 2021 Order was entered on August 4, 2021. *Compare* Appellant's Br. at 7 *with* Bankr. Ct. Order dated August 3, 2021. The error is not material to the Court's analysis herein.

On August 26, 2021, Appellant filed in the Bankruptcy Court his "Designation of Record of Appeal and Statement of Issues to be Presented on Appeal." *See* Bankr. Dkt. No. 211. Appellant did not include in his designation of items to be included in the record on appeal Appellant's June 25, 2021 Motion to Reconsider and for Sanctions, nor did Appellant expressly reference the June 25, 2021 motion or the August 3, 2021 Order in the list of issues to be presented on appeal. *See* Bankr. Dkt. No. 211. On September 16, 2021, Appellant filed in the Bankruptcy Court an "Amended Designation of Record of Appeal and Amended Statement of Issues to be Presented on Appeal." *See* Bankr. Dkt. No. 213. The amended designation included Appellant's June 25, 2021 Motion to Reconsider and for Sanctions; however, the September 16, 2021 filing, like the August 26, 2021 filing, did not expressly reference the August 3, 2021 Order – or the June 25, 2021 motion – in the list of issues to be presented on appeal. *See* Bankr. Dkt. No. 213.

On October 27, 2021, HBC filed the instant motion to dismiss the appeal on the basis that this Court lacks jurisdiction because "Appellant failed to file the Notice of Appeal within fourteen (14) days of the entry of the [Bankruptcy Court's December 9, 2019] Order as required by Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure." *See* HBC's Br. at 8. On November 1, 2021, Appellee Robert J. Musso joined in HBC's motion. *See* ECF No. 5. Appellant opposes HBC's motion. *See generally* Appellant's Br.

In his Response, Appellant argues that his appeal is timely and that this Court has jurisdiction to hear his appeal because he filed the Notice of Appeal within fourteen days of the Bankruptcy Court's August 3, 2021 Order. *See* Appellant's Br. at 7. Appellant additionally argues that this Court has jurisdiction to review the Bankruptcy Court's December 9, 2019 Order because that Order was entered "erroneously" and "unlawfully." *See* Appellant's Br. at 8-9.

Furthermore, as discussed more fully below, in his "Jurisdictional Statement," Appellant references two motions – a June 19, 2019 Motion For Sanctions for Violation of the Automatic Stay and Related Relief, *see* Bankr. Dkt. No. 107, and an August 24, 2020 Motion to Vacate the Bankruptcy Court's December 9, 2019 Order, for Sanctions, and to Stay Further Proceedings, *see* Bankr. Dkt. No. 166, asserting that these motions "appear to have not been heard" by the Bankruptcy Court and were "not docketed properly if they were heard and ruled upon" and suggesting that this Court therefore has jurisdiction with respect to these motions.  *See* Appellant's Br. at 7-8.

## DISCUSSION

As set forth below, Appellant failed to file his appeal within the time period set forth in Rule 8002(a)(1) of the Federal Rules of Bankruptcy Procedure ("Rule 8002(a)(1)"). Accordingly, Appellant's appeal is untimely and the Court is without jurisdiction to consider the appeal.  The appeal therefore must be dismissed.

### I.   Applicable Law

Under 28 U.S.C. § 158, district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges.  *See* 28 U.S.C. § 158(a)(1).  An appeal to the district court must be taken "in the time provided by Rule 8002 of the Bankruptcy Rules."  28 U.S.C. § 158(c)(2).  As relevant here, Rule 8002(a)(1) provides that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed."  Fed. R. Bankr. P. 8002(a)(1).

The United States Court of Appeals for the Second Circuit has held that "the time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of

whether the appellant can demonstrate 'excusable neglect.'" *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 114-15 (2d Cir. 2014); *In re Sterling*, 690 F. App'x 747, 747 (2d Cir. 2017). Because Rule 8002(a) is jurisdictional, the time limit set forth in Rule 8002(a)(1) is strictly enforced, even when applied to cases involving *pro se* litigants. *See, e.g.*, *In re Sterling*, 690 F. App'x at 747 (stating that "[t]he time limitations in Fed. R. Bankr. P. 8002(a) are jurisdictional, regardless of a party's *pro se* status"); *In re Amelio*, No. 20-CV-03080, 2020 WL 7028957, at *7 (S.D.N.Y. Nov. 30, 2020) (noting that "a rule that limits the jurisdiction of the court must be strictly enforced even when applied to *pro se* litigants"); *Ivers v. Ciena Cap. LLC*, No. 15-CV-07993, 2016 WL 1562943, at *1 (S.D.N.Y. Apr. 15, 2016) (collecting cases).

Federal Rule of Bankruptcy Procedure 8002(b)(1) ("Rule 8002(b)(1)") provides that a litigant's time for appeal can be tolled pending the disposition of certain motions – *e.g.*, motions to amend or make additional findings under Rule 7052, motions to alter or amend the judgment under Rule 9023, motions for a new trial under Rule 9023, or motions for relief under Rule 9024. *See* Fed. R. Bankr. P. 8002(b)(1); *see also Buckskin Realty, Inc. v. Greenberg*, No. 18-CV-03166, 2019 WL 4917891, at *1 (E.D.N.Y. Sept. 30, 2019), *aff'd sub nom. In re Buckskin Realty, Inc.*, 845 F. App'x 68 (2d Cir. 2021). Any such motion must be filed within the time allowed by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8002(b)(1); *see also* Fed. R. Bankr. P. 7052, 9023, 9024.

In the event that a litigant timely files a qualifying motion, the time to appeal begins to run when the bankruptcy court denies the motion and expires fourteen days later. *See Buckskin Realty, Inc.*, 2019 WL 4917891, at *1. Importantly, however, "successive motions for reconsideration do not toll the time to appeal." *In re Buckskin Realty, Inc.*, 845 F. App'x at 70

(rejecting argument that Rule 8002(b)(1) allows party to file notice of appeal within fourteen days of the order disposing of the last motion to reconsider an order or judgment); *see also In re Amelio*, 857 F. App'x 665, 666 n.1 (2d Cir. 2021) (noting disagreement with district court's conclusion that successive Rule 9023 motion tolled the time to file a notice of appeal); *Hamilton v. HSBC Bank USA, Nat'l Ass'n as Tr. for Renaissance Home Equity Loan Asset-Backed Certificates, Series 2007-3*, No. 19-CV-00091, 2020 WL 59935, at *1 (D. Conn. Jan. 6, 2020) ("[S]uccessive motions for reconsideration, no matter how they are styled, do not extend the appeal period. . . . Nor do they revive a previously expired appeal period." (citation omitted)).

## II.     Appellant's Appeal is Untimely and Therefore Must Be Dismissed for Lack of Jurisdiction

In the Notice of Appeal, Appellant asserts that this appeal "revolves around" the Bankruptcy Court's December 9, 2019 Order and that the December 9, 2019 Order is the "main subject of this appeal." *See* Notice of Appeal at 1. Furthermore, Appellant includes with the Notice of Appeal three copies of the December 9, 2019 Order, *see* Notice of Appeal at 7-8; ECF No. 1-1 at 3-4, 11-12, and a copy of the December 9, 2019 docket entry, *see* ECF No. 1-1 at 2.

Appellant's appeal of the Bankruptcy Court's Order of December 9, 2019 is untimely. Appellant had only until December 23, 2019 – fourteen days after the entry of the December 9, 2019 Order – to timely file a notice of appeal pursuant to Rule 8002(a)(1). Yet Appellant failed to timely file a notice of appeal – or qualifying tolling motion.[5] Indeed, Appellant did not file

---

[5] A review of the Bankruptcy Court docket reveals that on December 19, 2019, Appellant filed a Motion to Dismiss the Chapter 7 Case. *See* Bankr. Dkt. No. 155. Notably, although the December 19, 2019 Motion to Dismiss is not entirely clear as to the relief sought therein, the motion does not explicitly mention or challenge the Bankruptcy Court's December 9, 2019 Order, and therefore it does not appear that this motion constitutes a qualifying tolling motion pursuant to Rule 8002(b)(1). However, even assuming, *arguendo*, that the December 19, 2019 motion tolled Appellant's time to appeal the Bankruptcy Court's December 9, 2019 Order, Appellant nevertheless failed to file an appeal within fourteen days of the Bankruptcy Court's

the instant appeal until August 12, 2021 – more than twenty months after the December 9, 2019

Order was entered.  Because the appeal of the December 9, 2019 Order is untimely, the appeal of

that Order must be dismissed for lack of jurisdiction.

Because Appellant is proceeding *pro se*, the Court liberally construes Appellant's filings

to raise the strongest arguments that they suggest.  *See In re Amelio*, 2020 WL 7028957, at *7;

*see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In addition to referencing the December 9, 2019 Order specifically, Appellant's Response

references two motions that Appellant asserts "appear to have not been heard" by the Bankruptcy

Court and were "not docketed properly if they were heard and ruled upon" and suggests that

those motions are now properly before this Court: a June 19, 2019 Motion For Sanctions for

Violation of the Automatic Stay and Related Relief, *see* Bankr. Dkt. No. 107, and an August 24,

2020 Motion to Vacate the Bankruptcy Court's December 9, 2019 Order, for Sanctions, and to

Stay Further Proceedings, *see* Bankr. Dkt. No. 166.  *See* Appellant's Br. at 7-8.  A review of the

Bankruptcy Court docket reveals that these motions were, in fact, ruled on – on November 14,

2019 and September 25, 2020, respectively.  *See* Bankr. Ct. Order dated November 14, 2019

(denying June 19, 2019 motion via text Order); Bankr. Dkt. No. 173 (denying August 24, 2020

motion).  Even assuming, *arguendo*, that Appellant intends to challenge the November 14, 2019

and September 25, 2020 Orders through this appeal, any such challenge also would be untimely

and, accordingly, dismissed for lack of jurisdiction.  Approximately twenty-one months and ten

months, respectively, passed between the entry of those Orders and the filing of the instant

---

denial of the motion on February 5, 2020.  *See* Bankr. Dkt. No. 163.  Appellant's time to
appeal would have expired on February 19, 2020, and Appellant could not have further tolled
this period through additional, successive motions.  *See In re Buckskin Realty, Inc.*, 845 F.
App'x at 70; *In re Amelio*, 857 F. App'x at 666 n.1; *Hamilton*, 2020 WL 59935, at *1.

appeal, and a review of the Bankruptcy Court docket reflects that Appellant failed to file any motion(s) that would toll the time to appeal these Orders pursuant to Rule 8002(b)(1).

In his Response, Appellant references the August 3, 2021 Order in arguing that this Court has jurisdiction to hear this appeal because the Notice of Appeal was filed within fourteen days of that Order.  *See* Appellant's Br. at 7.  Even liberally construed, Appellant's filings do not appear to indicate that Appellant seeks to appeal the August 3, 2021 Order itself.  Indeed, Appellant's Response fails to advance any argument as to how the Bankruptcy Court erred in denying the June 25, 2021 Motion to Reconsider and for Sanctions via the August 3, 2021 Order.[6]  And, although a "notice of appeal must . . . be accompanied by the judgment, order, or decree, or the part of it, being appealed," *see* Fed. R. Bankr. P. 8003(a)(3)(b), Appellant did not include the August 3, 2021 Order with the Notice of Appeal despite including other docket entries with his submission.  *See generally* Notice of Appeal; *see also* ECF No. 1-1 at 2.  Further, as noted above, the Notice of Appeal references the August 3, 2021 Order only to note the date on which the bankruptcy matter was terminated.  *See* Notice of Appeal at 1.

Rather than seeking to challenge the August 3, 2021 Order itself, Appellant's filings appear to reflect an effort to have the August 3, 2021 Order serve as a jurisdictional mechanism for appealing earlier Orders of the Bankruptcy Court – including, at the least, the December 9, 2019 Order.  The August 3, 2021 Order does not, however, properly provide such a jurisdictional mechanism.  Appellant's filing of this appeal within fourteen days of the Bankruptcy Court's entry of its last Order – the August 3, 2021 Order – is insufficient to render the appeal of prior

---

[6] To the extent that Appellant in his Response requests sanctions against Debtor's counsel, the Response reflects that Appellant is seeking sanctions for different conduct and pursuant to different rules than set forth in the June 25, 2021 motion.  *Compare* Bankr. Dkt. No. 200 *with* Appellant's Br. at 33-35, 43.

Orders timely.  *See, e.g.*, *In re Coudert Bros. LLP*, 673 F.3d 180, 186 (2d Cir. 2012); *see also In re Buckskin Realty, Inc.*, 845 F. App'x at 70; *In re Amelio*, 857 F. App'x at 666 n.1; *Hamilton*, 2020 WL 59935, at *1.

In sum, Appellant filed his appeal well beyond the time period set forth in Rule 8002(a)(1) and, therefore, the appeal is untimely and this Court lacks jurisdiction over the appeal.

## CONCLUSION

For the foregoing reasons, HBC's Motion to Dismiss, ECF No. 4, is GRANTED, and Appellant's appeal is DISMISSED for lack of jurisdiction.

The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to Appellant.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: August 19, 2022
          Brooklyn, New York